# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NEIL RUSTY BOND,<br>*aka Neil Eugene Fagrelius*,<br>*aka Neil Eugene Fagrelius, Jr.*<br><br>Plaintiff/Movant,<br><br>vs.<br><br>TIMOTHY HOLTZEN, et al.,<br>UNITED STATES OF AMERICA<br><br>Defendants, | CV 08-00077-PHX-DGC [CRP]<br>[CV 03-00974-PHX-DGC]<br><br><br><br>**REPORT AND RECOMMENDATION** |

Defendant Neil Rusty Bond has filed a Motion To Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 *[Doc 1]*. In his motion, Bond asserts over 100 bases of error. The Government opposes the motion in its entirety and argues no evidentiary hearing is necessary. This Court, by separate order is setting an evidentiary hearing on the issue of ineffective assistance of counsel and possibly the loss of the tapes. As to the remaining claims for relief, it is clear they are without merit and no evidentiary hearing is required. For that reason, this Court recommends that all claims, other than Grounds Three and Seven, be ordered dismissed.

**PROCEDURAL BACKGROUND**

Defendant was convicted in a jury trial of one count of theft of government property and one count of Social Security fraud. Defendant filed a Motion For New Trial raising the following arguments:

1) improper reference by trial judge to dismissed counts in instructing jury;

2) improper admission of Exhibits 30 and 42, two records seized from

|   |   |   |
|---|---|---|
| 1 |   | Defendant's home; |
| 2 | 3) | unfair trial due to influence of medication Defendant was taking, limitation of |
| 3 |   | number of character witnesses, failure to appoint expert accountant, and |
| 4 |   | inadequate time to review documents and prepare for trial; |
| 5 | 4) | improper reference by prosecutor in closing argument to prior conviction for |
| 6 |   | impersonating an INS officer; |
| 7 | 5) | improper comment by Judge that taped phone conversations were illegally |
| 8 |   | obtained; |
| 9 | 6) | insufficiency of the evidence, particularly the failure to prove net income; and |
| 10 | 7) | failure to poll the jury. |

District Judge Campbell denied the Motion For New Trial *[Doc 139]*.

New counsel was appointed for appeal and Bond appealed his conviction to the U.S. Court of Appeals for the Ninth Circuit. On appeal, Bond asserted four grounds for reversal of the conviction:

1) the trial judge's denial of appointment of an expert accountant;
2) the trial judge's comments, interruptions and restrictions of Defendant's trial testimony;
3) ineffective assistance of counsel; and
4) insufficiency of the evidence.

The Government opposed all grounds of the appeal. Bond, through counsel, filed a timely Reply Brief.

On March 21, 2007, the Court denied the appeal in an unpublished Memorandum Decision. 227 Fed. Appx. 578 (9th Cir. 2007). The Court found no merit to the first, second, and fourth grounds for appeal. As to the claim of ineffective assistance of counsel, the Court noted the record was not sufficiently developed to decide the claim, and the record did not show an "obvious" infringement of the Sixth Amendment right to legal representation. The Court specifically preserved Bond's right to habeas review of the claim.

Bond's appellate counsel filed a motion for rehearing *en banc* and, subsequently, a

1  petition for writ of *certiorari* to the United States Supreme Court. Both applications were
2  denied.

3  The instant motion was timely filed, *pro se*, on May 9, 2008.

4  **ANALYSIS OF CLAIMS**

5  GROUND ONE - DUE PROCESS

6  Bond makes ten assertions of error in Ground One. Items one and two assert a lack
7  of administrative review of his Social Security overpayment. He cites no authority requiring
8  such administrative review before a criminal prosecution can proceed. This argument lacks
9  legal authority and intuitive appeal and is rejected by this Court.

10  Items 4, 6, and 10, lack of proof of "jurisdictional nexus and lack of proof of specific
11  months Defendant was within Trial Work Period" are challenges to the sufficiency of the
12  evidence. This claim was rejected on appeal and cannot be re-urged to the trial court in a §
13  2255 motion. *Eggers v. United States*, 509 F.2d 745, 748 (9th Cir. 1975).

14  Items 3, 5, and 8, denial of Bill of Rights, unspecified prejudicial application of rules,
15  and denial of unspecified surrebuttal testimony, lack the specificity to state a claim upon
16  which this Court can grant relief. *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir.
17  1996). Item 9, appellate clerk error interfering with communications on appeal is both too
18  vague to address and necessarily an issue that should have been addressed before the
19  appellate court.

20  There is no basis for relief under Ground One.

21  GROUND TWO - SUBJECT MATTER JURISDICTION

22  Bond asserts sixteen paragraphs to support his claim of lack of subject matter
23  jurisdiction. Items 1-8, 11 through 14, and 16 again challenge the sufficiency of the proof.
24  This claim was rejected on appeal and cannot be corrected by the lower court.

25  Item 15 complains of the failure to approve funds to hire an expert accountant. This
26  claim was also rejected on appeal and cannot be re-urged in this motion.

27  Item 9 argues that Bond was denied the right to represent himself. The Government's
28  Supplemental Response *[Doc 32]* and the attached transcript of the sidebar with the trial

1 judge just prior to the beginning of trial, makes clear that Bond did not request the
2 opportunity to represent himself. Therefore, this claim must be denied as factually
3 unsupported.

4 Item 10 claims Ineffective Assistance of Appellate Counsel. Bond filed a
5 supplemental brief on this issue with leave of court *[Doc 39]*. The first section, numbered
6 1-11, deals with ineffective assistance of trial counsel. As the appellate court noted, that
7 issue was not ripe at the time of direct appeal and will be considered in this motion.
8 Therefore, appellate counsel was both not ineffective on this point and no prejudice resulted.

9 The second section, numbered 1-46, focuses on alleged errors during the trial, but do
10 not indicate errors or ineffectiveness by appellate counsel.

11 The third section, numbered 1-5, complains of appellate counsel errors. Item 1
12 complains of unspecified lack of communication. Items 2, 3, and 4 appear to refer to
13 evidentiary issues at trial, issues beyond the control of appellate counsel. Item 5 complains
14 appellate counsel failed to "provide due diligence to prevent a miscarriage of justice." *[Doc
15 39, p.7]*. Items 1-5 are vague and inapplicable to appellate counsel and do not state a claim
16 of ineffectiveness of appellate counsel. This Court has reviewed the opening and reply brief
17 and believes the briefing represents diligent and competent advocacy in Bond's behalf. No
18 claim of ineffectiveness of appellate counsel is stated.

19 GROUND FOUR - PLAIN ERROR

20 Ground Four sets forth fourteen items. Item one complains of the failure to appoint
21 an expert accountant. This claim of error was denied on appeal. Item 3 complains of the
22 failure to appoint new counsel on the day of trial. The transcript of the sidebar conversation
23 with the trial judge explicitly shows no request for new counsel was made. See,
24 Supplemental Response *[Doc 32]*.

25 Item 2 (prejudicial jury instructions) and 7 (evidence introduced inappropriately) are
26 too vague to assert a claim.

27 Items 4 (denial of time to prepare exhibit) and 5 (failure to compel expert witness to
28 consider net income) essentially go to issues determined on appeal, the failure to appoint an

- 4 -

1  expert and insufficiency of the evidence. A chart could have been prepared at any time, even
2  during Defendant's testimony.

3  Item 6 deals with the impact of psychotropic medication on Defendant during trial.
4  However, Bond points to nothing in the record to indicate this issue was ever raised to the
5  trial judge. Quite to the contrary, it appears Bond testified at length and coherently over two
6  days at the trial.

7  Item 10 complains of error by the appellate court. If such error occurred, this inferior
8  court cannot correct it.

9  Items 8, 9, 11, 12, 13, and 14 assert errors by the sentencing judge. None of these
10 claims were raised on appeal. There appears no impediment to these issues being raised on
11 direct appeal, therefore, they are procedurally defaulted at this time. *Bousley v. United*
12 *States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 1611 (1998). Moreover, the record clearly
13 indicates these claims are frivolous. The sentencing judge appointed an expert accountant,
14 considered the information presented by the accountant and sentenced Defendant at the
15 bottom of the sentencing guidelines.

16 No claim for *habeas* relief is stated in Ground Four.

17 GROUND FIVE - ABUSE OF DISCRETION

18 Bond sets forth eleven items in Ground Five. Items 1-5 and 11 complain of the OIG
19 agent testifying falsely or ignorantly. These are issues the jury determined and are not within
20 the scope of section 2255. Items 6, 7, and 8 complain that the Government's expert witness
21 testified inaccurately, improperly grouped premiums and did not consider net income. These
22 are challenges to the sufficiency of the evidence which were decided on appeal.

23 Item 10 complains of unstated personal issues the trial judge was dealing with at the
24 time of trial. Absent a showing of incompetency, examination of the thought processes of
25 the judge is not allowed. See, e.g., *Chicago, Burlington & Quincy Ry.Co. V. Babcock*, 204
26 U.S. 585, 593 (1907). Rather, error must be determined from an objective review of the
27 record, which Bond has done exhaustively in his motion. Item 10 does not state a claim for
28 relief.

1   Item 9 complains of threats by the trial judge concerning Miranda rights. Bond
2 complained on appeal about the trial judge interfering with his testimony, although it is not
3 clear that this specific argument was raised. Thus, the claim was either considered on appeal
4 or is procedurally defaulted.

5   There is no basis for relief in Ground Five.

6   GROUND SIX - PROSECUTORIAL MISCONDUCT

7   Bond sets forth fourteen claims of prosecutorial misconduct. None state a claim for
8 relief. To obtain habeas relief based on a claim of prosecutorial misconduct, Defendant must
9 show the prosecutor "so infected the trial with unfairness to make the resulting conviction
10 a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2426, 2471
11 (1986). Bond merely claims the Government's case was false and misleading. In short,
12 Bond continues to take issue with the Government's case. The jury resolved those credibility
13 issues. No specific allegation of prosecutorial misconduct is set forth in Ground Six.

14   This Court concludes no claim of prosecutorial misconduct has been stated and the
15 claims asserted in Ground Six are procedurally defaulted because they were not raised on
16 appeal.

17   GROUND SEVEN - INEFFECTIVE ASSISTANCE OF COUNSEL

18   The record in this case does not conclusively establish that Bond is not entitled to
19 relief on this issue. Therefore, the issue of ineffective assistance of counsel requires an
20 evidentiary hearing.

21   GROUND SEVEN - BRADY EVIDENCE AND MATERIALS

22   In Ground Seven, Defendant complains mainly of issues related to audiocassette tapes
23 that were seized during a search warrant and either lost or not turned over. It is unclear
24 whether Defendant is entitled to an evidentiary hearing on this issue. The Court will
25 schedule further briefing on that issue. The last issue, not appointing a new appeal attorney
26 was not a trial court issue and cannot be reviewed in this motion.

27   WHEREFORE, it is the Report and Recommendation of this Court that District Judge
28 Campbell, after his independent review and consideration, order that the claims in Grounds

1  One, Two, Four, Five and Six be DISMISSED. The issued related to Grounds Three and Seven
2  will await further order of the Court. Finally, it is recommended that the Court clarify that
3  this ruling is not an adjudication of all claims in the case and is not immediately appealable.
4  Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within
5  10 days of being served with a copy of this Report and Recommendation. If objections are
6  not timely filed, the party's right to *de novo* review may be waived. *See United States v.*
7  *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900
8  (2003). If objections are filed, the parties should use the following case number: **CV 08-**
9  **00077-PHX-DGC.**
10  The Clerk of the Court is directed to send a copy of this Report and Recommendation
11  to all parties.
12  DATED this 31st day of December, 2008.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE

- 7 -