**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. CV 08-077-PHX-DGC (CRP) |
| Plaintiff, | |
| vs. | No. CR 03-974-PHX-DGC |
| | **REPORT & RECOMMENDATION** |
| **NEIL RUSTY BOND,** | |
| Movant/Defendant. | |

The Court requested briefing on whether the evidentiary hearing should encompass the issue of the failure to disclose audiotapes of conversations between Defendant and Social Security Administration ("SSA") employees. The parties have briefed the issue. For the reasons discussed below, the Magistrate Judge recommends the District Court dismiss the claims related to failure to make *Brady* disclosures. These claims will not be a part of the evidentiary hearing.

**Analysis**

Bond maintains he made tapes of calls to SSA 1-800 numbers and received information that only net income need be reported and residual income was excluded. The Government denies that these three tapes ever existed. Regrettably, the search warrant inventory apparently does not answer the question of whether the tapes ever existed. The Government cannot disclose what it does not have.

Even if the tapes were lost, there is no prejudice to Defendant. Bond made a similar tape in 2005, which was played to the jury. Moreover, Bond testified to the information he

1  said was in the tapes, and that testimony was largely uncontroverted. Therefore, there was
2  no prejudice to Defendant.
3      Finally, the issue was procedurally defaulted because it was not raised on appeal.
4  Given the ample evidence Bond presented on this issue at trial, it is not surprising that the
5  so-called *Brady* issue was not raised on appeal.
6  **Recommendation**
7      It is the recommendation of this Court that the District Court deny Defendant's *Brady*
8  claim, identified as Ground Seven in this Court's Report and Recommendation dated
9  December 31, 2008. (Doc 51). The *Brady* claim will not be a part of the scheduled
10 evidentiary hearing. The evidentiary hearing shall be limited to the issue of ineffective
11 assistance of counsel.
12     Pursuant to this Court's Order dated February 3, 2009 (Doc 64), the ten day time limit
13 to file objections to a magistrate judge's report and recommendation shall be extended. After
14 this Court issues its Report and Recommendation as to ground Three, subsequent to the
15 evidentiary hearing, counsel for both parties shall have thirty days to file objections to the
16 recommendations of this Court on all seven grounds. If objections are not timely filed, they
17 may be deemed waived. The parties are advised that any objections filed are to be identified
18 with the following case number: cv-08-077-DGC.
19     The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner
20 and counsel for Respondents.
21     DATED this 2nd day of April, 2009.

_____
**CHARLES R. PYLE**
UNITED STATES MAGISTRATE JUDGE