**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CR-03-974-PHX-DGC |
| Plaintiff, ) | No. CV-08-077-PHX-DGC (CRP) |
| vs. ) | **ORDER** |
| Neil Rusty Bond, ) | |
| Defendant/Movant. ) | |

Defendant Neil Bond was convicted by a jury of theft of government property and social security fraud on May 11, 2005. Dkt. #114, CR-03-974. He was sentenced to 18-months' imprisonment and ordered to pay restitution in the amount of $88,800.70. Dkt. #197. The Ninth Circuit affirmed, 227 Fed. Appx. 578 (9th Cir. Mar. 21, 2007), and the Supreme Court denied review, 552 U.S. 856 (Oct. 1, 2007). Following receipt of the Court of Appeals' mandate (Dkt. #255), this Court ordered Defendant to begin serving his sentence on January 17, 2008. Dkt. #256.

Two days before his surrender date, Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Dkt. #272, CR-03-974; Dkt. #1, CV-08-077. Defendant filed an amended motion on May 9, 2008. Dkt. #303, CR-03-974. That motion asserts seven grounds for relief: violation of due process, lack of subject matter jurisdiction, ineffective assistance of counsel, plain error, abuse of discretion, prosecutorial misconduct, and a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* at 5-18.

Magistrate Judge Pyle has addressed the claims in three separate reports to the Court. The first report recommends the denial of grounds one, two, four, five, and six (Dkt. #51), and the second report recommends that ground seven be denied (Dkt. #83). Following a two-day evidentiary hearing (Dkt. ##172-73), Judge Pyle issued a third report recommending that ground three be granted in part and dismissed in part (Dkt. #187). Defendant has filed objections (Dkt. #190) to the reports and recommendations ("R&Rs") and the government has filed a response (Dkt. #193).

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1). The Court must undertake *de novo* review of those portions of the R&Rs to which specific objections are made. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). For reasons stated below, the Court will accept the R&Rs.

**I.     Ground One – Due Process Violation.**

The due process claim asserted in ground one of the amended motion lists ten assignments of error. Dkt. #303 at 5. Items 1 and 2 assert a denial of administrative review by the Social Security Administration. Judge Pyle rejects this claim for lack of legal authority and intuitive appeal. Dkt. #51 at 3. Defendant contends in his objection that an administrative hearing would have allowed for a "less confrontational forum" to resolve this matter. Dkt. #190 at 13. But even if that were true, Defendant cites no legal authority requiring the government to exhaust administrative remedies before bringing criminal charges against a person believed to have fraudulently obtained social security benefits.

Items 3, 5, and 8 assert, respectively, that Defendant was denied a "complete Bill of Rights," that the Court "exercised prejudicial application of rules, violated rules, and denied existence of rules," and that the Court "denied movant surrebuttal testimony during trial." Dkt. #303 at 5. Judge Pyle finds, correctly, that these assertions lack the specificity necessary to state a claim upon which relief may be granted. Dkt. #51 at 3 (citing *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996)). Nothing in the objection changes

this conclusion. *See* Dkt. #190 at 14-15.

Items 4, 6, and 10 are challenges to the sufficiency of the evidence at trial. Defendant claims that the government failed to identify the specific months he was within the social security "trial work" period and "substantial gainful activity" guidelines. Dkt. #303 at 5. Because those claims were rejected on appeal, *see* 227 Fed. Appx. at 580, Judge Pyle concludes that they cannot be re-urged in a § 2255 motion. Dkt. #51 at 3 (citing *Egger v. United States*, 509 F.2d 745, 748 (9th Cir. 1975)). Noting that the Court of Appeals did not decide the ineffective assistance of counsel claim on the merits, *see* 227 Fed. Appx. at 580, Defendant asserts that "the Court of Appeals could not have known what has now been determined and recommended by the Magistrate Judge to the District Court for resentencing." Dkt. #190. But Defendant's ineffective assistance of counsel claim and his challenge to the sufficiency of the evidence are separate issues. The latter was decided against Defendant on direct appeal and, therefore, is "not subject to collateral attack under 28 U.S.C. § 2255." *Egger*, 509 F.2d at 748; *see Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972) ("The law of this circuit is clear that when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion.") (citations omitted); *Law v. United States*, Nos. CR-01-27-E BLW, CV-04-197-E-BLW, 2006 WL 2472661, at *4 (D. Idaho Aug. 25, 2006) ("collateral review is not available for claims raised and rejected on direct review"); *McCreary v. United States*, Nos. CV-09-01023-PHX-FJM, CR-04-00313-PHX-FJM, 2009 WL 5206803, at *2 (D. Ariz. Dec. 30, 2009) ("Relief is precluded on a section 2255 claim that was raised and decided in the movant's direct appeal.").

Item 9 asserts that the "Appellate Court Clerk's clerical error damaged movant's communications with [his] Appellate Attorney." Dkt. #303 at 5. Defendant does not object to Judge Pyle's finding that this claim should have been raised before the appellate court. Dkt. #51 at 3.

The Court agrees with Judge Pyle that there is no basis for relief under ground one. The Court will dismiss this claim.

## II.     Grounds Two, Four, and Five.

Defendant voluntarily dismisses ground two (jurisdiction), ground four (plain error) and ground five (abuse of discretion). Dkt. #303 at 6-7.

## III.    Ground Six – Prosecutorial Misconduct.

The government engaged in prosecutorial misconduct, Defendant contends, by presenting false evidence at trial and by misleading the jury and the Court. Dkt. #303 at 16-17. To prevail on this claim, Defendant must show that the prosecutor "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974)); *see Davis v. Woodford*, 384 F.3d 628, 644 (9th Cir. 2004). Judge Pyle concludes that no claim of prosecutorial misconduct has been stated and ground six is procedurally defaulted. Dkt. #51 at 6.

Defendant does not object to those conclusions. Instead, he raises a new claim of prosecutorial misconduct: the prosecutor allowed the government's expert trial witness, Barbara Jackson, to testify falsely about how the Social Security Administration would treat "residual commissions" earned by Defendant in determining his eligibility for benefits. Dkt. #190 at 3-11. Ms. Jackson testified initially that residual insurance commissions would constitute net income due to some client involvement and work responsibility on the part of insurance agent when the policy is renewed. *Id.* at 5. She ultimately agreed with defense counsel that some residual commissions may result from "one-time work events" and therefore not count as net income. *Id.*; *see* Dkt. #187 at 10. At the evidentiary hearing, the government called Jenni Plewa of the Social Security Administration to testify about residual commissions. Ms. Plewa disagreed with the distinction made by Ms. Jackson, testifying that she would have counted all of Defendant's income – residual commissions included – in determining whether he was eligible to receive social security benefits. Dkt. ## 190 at 6, 187 at 24. Defendant argues that the prosecutor's failure to correct Ms. Jackson's trial testimony denied him due process. Dkt. #190 at 10-11.

Defendant has not shown that the prosecutor knowingly presented false evidence

1 through the testimony of Ms. Jackson. Nor has he shown prejudice. The government notes,
2 correctly, that Ms. Jackson's testimony allowed Defendant to present as a defense that he did
3 not exceed the income limits that would render him ineligible for social security benefits
4 because the residual commissions he had earned did not count as income for that purpose.
5 Dkt. #193 at 6. The government's failure to "correct" Ms. Jackson's testimony – that is, to
6 make clear that all residual commissions count as income for social security purposes – did
7 not work to Defendant's disadvantage.

8 In summary, Defendant has not shown any misconduct on the part of the prosecutor,
9 nor has he shown that his conviction resulted from a denial of due process. The Court will
10 dismiss ground six.

**IV.  Ground Seven – *Brady* Violation.**

12 Defendant asserts that the government's failure to turn over audio cassette tapes seized
13 from his home constitutes a *Brady* violation. Dkt. #303 at 18. Judge Pyle finds that
14 Defendant has not shown prejudice and that the *Brady* claim is procedurally defaulted as it
15 was not raised on appeal. Dkt. #83. Defendant does not object to the finding of procedural
16 default, nor has he shown cause and prejudice. Dkt. #190 at 11-12. The Court will accept
17 the R&R in this regard and dismiss ground seven. *See Massaro v. United States*, 538 U.S.
18 500, 504 (2003); *McCreary*, 2009 WL 5206803, at *2 ("[A]bsent a showing of cause and
19 prejudice, a federal habeas petitioner procedurally defaults all claims which are not raised
20 in his direct appeal, other than claims asserting the petitioner was deprived of the effective
21 assistance of counsel."); *Law*, 2006 WL 2472661, at *4 (same).

**V.  Ground Three – Ineffective Assistance of Counsel.**

23 Defendant argues in ground three that he was deprived of effective assistance of
24 counsel at trial and sentencing. Dkt. #303 at 8-12. Judge Pyle concludes that but for
25 counsel's deficient representation, there is a reasonable probability that the outcome of
26 Defendant's sentence, but not conviction, would have been different. Dkt. #187 at 46. Judge
27 Pyle recommends that the Court vacate Defendant's sentence. *Id.* at 42, 47.

28 Defendant does not object to Judge Pyle's findings and recommendations on ground

three, and formally withdraws his request for a new trial. Dkt. #190 at 2, 15-16. Defendant also states that he seeks resentencing "on the issue of restitution only." *Id*. at 16. The Court will accept Judge Pyle's recommendation that ground three be granted in part and dismissed in part. The Court will vacate Defendant's sentence and re-sentence him on the issue of restitution only.

**IT IS ORDERED:**

1. The R&Rs issued by Magistrate Judge Pyle (Dkt. ##51, 83, 187 in CV-08-77) are **accepted** as set forth in this order.
2. The ineffective assistance of counsel claim (ground three) asserted in Defendant's amended motion to vacate sentence (Dkt. #303 in CR-03-974) is **granted in part** and **dismissed in part**. Defendant's conviction is **upheld** and his restitution sentence is **vacated**. Defendant will be re-sentenced solely on the issue of restitution.
3. The other grounds for relief asserted in the amended motion (Dkt. #303) are **dismissed**.
4. A status hearing is set for **July 14. 2010 at 2:30 p.m.**
5. A certificate of appealability, and leave to proceed in forma pauperis on appeal, are **denied**.

DATED this 24th day of June, 2010.

_____
David G. Campbell
United States District Judge