**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-03-974-PHX-DGC |
| Plaintiff, | CV-08-77-PHX-DGC (CRP) |
| vs. | **ORDER** |
| Neil Rusty Bond, | |
| Defendant/Movant. | |

Defendant Neil Bond was convicted by a jury of theft of government property and social security fraud on May 11, 2005. Doc. 114, CR-03-974. He was sentenced to 18-months' imprisonment and ordered to pay restitution in the amount of $88,800.70. Doc. 197. The Ninth Circuit affirmed, 227 Fed. Appx. 578 (9th Cir. Mar. 21, 2007), and the Supreme Court denied review, 552 U.S. 856 (Oct. 1, 2007). Following receipt of the Court of Appeals' mandate (Doc. 255), this Court ordered Defendant to begin serving his sentence on January 17, 2008. Doc. 256. Defendant has served his prison sentence but remains on supervised release.

Two days before his surrender date, Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Doc. 272, CR-03-974; Doc. 1, CV-08-077. Defendant filed an amended motion on May 9, 2008. Doc. 303, CR-03-974. That motion asserts seven grounds for relief: violation of due process, lack of subject matter jurisdiction, ineffective assistance of counsel, plain error, abuse of discretion, prosecutorial misconduct, and a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* at 5-18.

On June 25, 2010, the Court issued an order accepting the Magistrate Judge's recommendations (Docs. 51, 83, 187) that Defendant's amended motion to vacate sentence be granted in part and dismissed in part. Doc. 196, CV-08-077; *see* Doc. 314-1, CR-03-974. The Clerk entered judgment the same day. Doc. 197, CV-08-077; Doc. 314, CR-03-974. In its June 25 order, the Court denied a certificate of appealability and leave to proceed in forma pauperis. Doc. 196 at 6. The Court denied a certificate of appealability on the ground that, with respect to the dismissed claims (grounds one, six, and seven), Defendant has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Having reconsidered the issue of leave to proceed in forma pauperis, the Court will vacate its prior denial of such status on appeal. Doc. 196 at 6, ¶ 5. The Court does not, on the present record, find that the appeal will not be taken in good faith or that Defendant is not otherwise entitled to proceed in forma pauperis. *See* Fed. R. App. P. 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3); *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) ("The good faith requirement is satisfied if the petitioner seeks review of any issue that is 'not frivolous.'").

Defendant has filed an unopposed motion to extend the time to file a notice of appeal from the June 25, 2010 order and judgment, to file a motion for a certificate of appealability, and to file a motion for leave to proceed in forma pauperis. Doc. 199. Defendant requests an extension to August 27, 2010. The Court, for good cause appearing, will grant the motion in part. The Court will extend the filing deadlines to **August 24, 2010**. *See* Fed. R. App. P. 4(a)(5)(C) (providing limits on the length of extensions to file a notice of appeal).

In addressing prejudice under *Strickland*'s two-part test for ineffective assistance of counsel claims, the Magistrate Judge found a restitution amount of $30,929.16 to the extent the extended period of eligibility was considered. Doc. 187 at 39 & n.3. The government argued at the July 14, 2010 status hearing (Doc. 198) that Defendant should be bound by that restitution amount in connection with he resentencing. Defendant took the position that he should be allowed, through effective assistance of counsel and new accounting analysis, to

establish the appropriate amount of restitution. Defendant also noted that the Magistrate Judge recommends that Defendant's supervised release be vacated. *See* Doc. 187 at 42. Neither side addressed the issue of supervised release or the appropriate amount of restitution in responding to the Magistrate Judge's recommendations (Doc. 187). *See* Docs. 190, 193.

The Court will set Defendant's resentencing for **November 1, 2010 at 4:30 p.m.** The Court will address the restitution amount and supervised release issues at the resentencing. The parties shall brief those issues, including any new accounting analyses, prior to the resentencing. Each side shall file a memorandum by **September 27, 2010**. Response memoranda shall be filed by **October 18, 2010**.

**IT IS ORDERED:**

1. The Court's denial of leave to proceed in forma pauperis (Doc. 196 at 6, ¶ 5) is **vacated**.
2. Defendant's unopposed motion to extend time (Doc. 199) is **granted in part**.
3. Defendant shall have until **August 24, 2010** to file a notice of appeal, a motion for certificate of appealability, a motion to proceed in forma pauperis.
4. Defendant's resentencing is set for **November 1, 2010 at 4:30 p.m.**
5. The parties shall brief resentencing issues as outlined above.

DATED this 21st day of July, 2010.

_____
David G. Campbell
United States District Judge